SAMUEL LICHTER, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— Order denying defendant's motion to strike cause from the Equity Calendar and transfer it to the Trial Term Calendar affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

HELEN THOMPSON, an Infant, by Her Guardian ad Litem, LOTTIE C. THOMPSON, Respondent, and EDWARD SMITH THOMPSON, Plaintiff, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, THE CITY OF NEW YORK, Defendants, and I. VICTOR BURGER and LORETTA DELANEY, Appellants.— Action by an infant plaintiff and her father against the city of New York, the board of education of the city of New York, and the principal and one of the teachers of a public school, to recover damages for personal injuries sustained by the infant when she was pushed or thrown from an exterior stairway by a fellow pupil during the dismissal of her class. At the trial the infant's complaint was dismissed as against the city and the board of education, and the complaint of her father for loss of services and expenses was dismissed as against all the defendants. The jury rendered a verdict in favor of the infant plaintiff against defendant I. Victor Burger, the principal of the school, and defendant Loretta Delaney, the teacher of the class in which the infant was a pupil. Judgment in favor of the infant plaintiff against defendant Delaney reversed on the law, with costs, and the complaint dismissed, with costs. There was no proof of negligence on the part of the teacher. Judgment in favor of the infant plaintiff against defendant Burger affirmed, with costs. Whether the principal was negligent in failing to promulgate more adequate regulations for the safe discharge of the pupils was a question of fact for the jury. The appeal of defendants Burger and Delaney from that part of the judgment which dismisses the complaint of the infant plaintiff as against the board of education of the city of New York is unanimously dismissed. Hagarty, Carswell and Close, JJ., concur; Lazansky, P. J., and Adel, J., concur in the dismissal of the appeal of defendants Burger and Delaney from that part of the judgment which dismisses the complaint of the infant plaintiff as against the board of education, and in the reversal of the judgment in favor of the infant plaintiff and against defendant Delaney, but dissent as to defendant Burger and, as to him also, vote to reverse and to dismiss the complaint. To cast appellants in damages under the facts of this case would be thrusting upon teachers a responsibility greater than reasonable caution requires. " Boys will be boys."